IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JOSE SORIA-SANTANA,**

Defendant.

No. 3:22-cr-00188-MO

OPINION AND ORDER

**MOSMAN, J.,**

Defendant Jose Soria-Santana moves to dismiss his Indictment for illegally reentering the United States after removal in violation of 8 U.S.C § 1326. Mot. to Dismiss [ECF 36]. I issued an Opinion and Order denying Soria-Santana's Motion to Dismiss based on a speedy trial violation, but I reserved ruling on his Motion under § 1326(d) until receiving further briefing from the parties. July 24, 2026, Opinion and Order, [ECF 52]. As explained below, I find that Soria-Santana has established prejudice, and I grant his motion to dismiss his indictment under § 1326(d).

**DISCUSSION**

All defendants contesting their prior removal orders under § 1326(d), even those removed in administrative removal proceedings, must satisfy all three of the statute's requirements. *See United States v. Palomar-Santiago*, 593 U.S. 321, 327 (2021). In my previous order, I found that Soria-Santana satisfied § 1326(d)'s first two requirements—exhaustion of administrative remedies

and deprivation of judicial review. [ECF 52] at 12–13, 16. Regarding the final requirement—fundamental unfairness, I found that Soria-Santana showed the violation of due process required to show fundamental unfairness but had questions about if he could make the necessary showing that the due process deprivation caused him to suffer prejudice. *Id.* at 17–18. The parties submitted supplemental briefing on that issue, and I heard additional oral argument on August 5, 2026.

Soria-Santana asserts that he can show prejudice because the Form I-851 does not provide any other basis for removal aside from his 2003 aggravated felony conviction. Def. Supp. Br., [ECF 54] at 1. According to Soria-Santana, his removal on illegitimate grounds—the conviction based on a plea that could have plausibly been vacated—is enough to show prejudice. *Id.* at 3. Soria-Santana further argues that the due process violation caused prejudice because, if his aggravated felony conviction were vacated, he would have been eligible for voluntary departure in immigration judge removal proceedings. *Id.* at 4.

The government argues that Soria-Santana has not established prejudice by showing that it is plausible that he would have been granted relief in habeas proceedings and allowed to withdraw his guilty plea because "he cannot show beyond speculation that he would not have been convicted of the same offense at trial." Gov't Supp. Resp., [ECF 55] at 5. In the government's view, a successful collateral attack does not end my prejudice inquiry because Soria-Santana's withdrawal of his guilty plea would not invalidate his prosecution, and Soria-Santana cannot show that it is plausible that he would have been acquitted at trial on the same charges. *Id.* at 5. Moreover, the government argues that, even if Soria-Santana could establish that he was amenable to immigration judge removal proceedings, he cannot show it is plausible that the immigration judge would have granted him voluntary departure. *Id.* at 20.

After carefully considering the parties' arguments, the record, and the relevant Ninth Circuit precedent, I find that Soria-Santana has established the prejudice element of § 1326(d)(3)'s fundamental unfairness requirement. Soria-Santana's I-851 Form charged him as removable based on his "11/14/2003" conviction by guilty plea "for the offense of Lewd and Lascivious Act upon Child" for which "the term of imprisonment was 3 Years." Def. Ex. B, [ECF 36-1]. I previously found that Soria-Santana has established that, had he been told in Spanish that he had a right to counsel, at no expense to the government, it is plausible that he would have obtained counsel and successfully challenged his guilty plea in a habeas proceeding. *See* [ECF 52] at 17. Allowing Soria-Santana to withdraw his guilty plea after a successful habeas proceeding would have vacated his 11/14/2003, conviction that formed the only basis for his expedited removal proceedings. *See* Def. Ex. B (charging Soria-Santana with removal based on his 11/14/2003, proceeding).

The government is correct that withdraw of the guilty plea would not necessarily invalidate Soria-Santana's prosecution, but his 2003 *conviction* by guilty plea of Lewd and Lascivious Acts, not his *prosecution*, formed the basis for his placement in administrative removal proceedings. *See* Gov't Resp., [ECF 43] at 3 ("Immigration officers switched gears and placed [Soria-Santana] in administrative removal proceedings based on his aggravated felony *conviction*, in lieu of removal proceedings before an Immigration Judge."). Indeed, before Soria-Santana's conviction, immigration officers had prepared a Notice to Appear in immigration judge removal proceedings that charged him as removable based on his unlawful entry. *See id.* at 3–4; *see also* Gov't Ex. D. Accordingly, I find Soria-Santana has established prejudice by showing that he lost the opportunity to proceed in immigration judge proceedings where he could have sought voluntary departure, which would have given him greater flexibility for legally returning to the United States. *See cf. United States v. Ochoa-Oregel*, 904 F.3d 682, 685–86 (9th Cir. 2018) (a defendant's "removal on

illegitimate grounds is enough to show prejudice); *see also cf. United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (where the basis for defendant's removal disappeared, defendant was removed when he should not have been and suffered prejudice).

**CONCLUSION**

As stated in my previous Opinion and Order, [ECF 52], and above, I find that Soria-Santana has satisfied the requirements of 8 U.S.C § 1326(d). Accordingly, I grant his Motion [ECF 36] to dismiss the Indictment under § 1326(d).

IT IS SO ORDERED.

DATED this 3rd day of September 2026.

Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge